## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANDREW B. FRIEDMAN              :

      Plaintiff                     :

v                                     :            Civil Action No. PJM-07-807

MICHAEL STOUFFER, *et al.*          :

      Defendants                 :

o0o

## MEMORANDUM

Pending in the above-captioned civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 13. Although Plaintiff was advised of his right to file a response in opposition to the motion and of the consequences of failing to do so, he has not opposed the motion. *See* Paper No. 14. Upon review of the papers filed, the undersigned finds a hearing unnecessary to the disposition of this case. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion shall be granted.

### Background

Plaintiff alleges that on June 11, 2006, while he was assigned to segregation, Officer Ortt moved him into a "condemned" cell[1] after threatening and harassing him the previous day. Paper No. 1 at p. 4. He claims Ortt has discriminated against him on past occasions because Plaintiff is Jewish. *Id.* Plaintiff alleges on June 14, 2006, he was told by Ortt and Lt. McCaully he would be moved to worse living conditions if he continued to file administrative remedy complaints. Plaintiff further claims that McCaully threw him against a wall on July 25, 2006, then placed him in tight handcuffs for three hours and dragged him down the tier. *Id.* Plaintiff

---

[1] Plaintiff claims the cell had no windows and no cold running water. Paper No. 1 at p. 12.

further claims the remaining Defendants engaged in improper conduct, including confiscation of his legal papers, verbal harassment, false reports to psychiatric staff, and non-compliance with Division of Correction Directives.  Paper No. 1 at pp. 5 – 15.

Defendant McCauley denies using excessive force against Plaintiff in July of 2006.  He explains that "[e]ven if there were a legitimate reason to use force against Mr. Friedman, it would be very difficult to do any of those things to a man of his large size.  He is well over six feet in height and weighed, I would estimate, more than 300 pounds."  Paper No. 13 at Ex. A. McCauley recalls Plaintiff beginning to complain about him after he was placed on disciplinary segregation where he was required to share a cell with another inmate.  *Id*.  Plaintiff wanted to be single-celled and allegedly instigated fights with his cell-mates in order to accomplish that goal. *Id*.  Plaintiff was ultimately provided with a single-cell to avoid trouble in the institution.  *Id*.

Similarly, Defendant Ortt recalls Plaintiff beginning a "campaign of complaints" shortly after being assigned to disciplinary segregation.  *Id*. at Ex. B.  Ortt alleges he did not know Plaintiff was Jewish until the instant case was filed.  *Id*. Ortt states that Plaintiff complained so vociferously about him, Plaintiff's shower times were moved to the 4 to 12 shift to minimize contact with Ortt.  *Id*. Plaintiff continued to complain, resulting in his transfer to another housing unit.[2] *Id*. Plaintiff then complained about the new housing assignment because the windows on C-tier do not face the MCTC compound, making it impossible for inmates housed there to communicate with other inmates on the compound through the window.  *Id*.  In an effort to address Plaintiff's many complaints, Ortt and McCauley met with him. *Id*. Plaintiff explained

---

[2] Ortt asserts that Plaintiff's complaints about him intensified after he was moved to the new housing unit.

during that meeting that he wanted a transfer to another prison and until he received that transfer

he would continue to complain. *Id.*

### Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to
> a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will

defeat the motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club,*

*Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).

The court should "view the evidence in the light most favorable to....the nonmovant, and draw all

inferences in her favor without weighing the evidence or assessing the witness' credibility."

*Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

3

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and

citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest

upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that

there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840

F.2d 236, 240 (4th Cir. 1988).  The court has an obligation to ensure that factually unsupported

claims and defenses do not go to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128

(4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986)).

### Analysis

The Prison Litigation Reform Act ["PLRA"] generally  requires a prisoner plaintiff to

exhaust administrative remedies before filing suit in federal court.   Title 42 U.S.C. § 1997e(a)

provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this

title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."  The Supreme Court

has interpreted

the language of this provision broadly, holding that the phrase "prison conditions" encompasses

"all inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534

U.S. 516, 532 (2002).   Thus, the exhaustion provision plainly extends to plaintiff's allegations

of excessive force and poor living conditions.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an

affirmative defense that should be pleaded or otherwise properly raised by the defendant."

*Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005).

Defendants assert that Plaintiff abandoned his efforts to exhaust administrative remedies in this case by withdrawing his grievance from the Inmate Grievance Office ("IGO").  Paper No. 13 at p. 6.  Plaintiff attempted to re-open his case with the IGO, but his request was denied.  *Id*. at Ex. D.   Defendants have properly raised the exhaustion issue and Plaintiff has failed to refute the allegation. Thus, the assertion that Plaintiff has failed to properly exhaust administrative remedies is an undisputed fact entitling Defendants to summary judgment in their favor.  A separate Order follows.

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

September 21, 2007